OR–IMPORT, INC., a corporation

v.

COLLINS, Mark Individually and t/a Collins Collectibles and Vilma Collins, Craig Scott Collins, Stephen Drew Collins.

Civ. A. No. 78–16.

United States District Court, E. D. Pennsylvania.

April 10, 1981.

Fred Lowenschuss, Philadelphia, Pa., for plaintiff.

Stephen Savar, Philadelphia, Pa., for Vilma Collins, Craig Scott Collins, Stephen Drew Collins.

George Gershenfeld, Philadelphia, Pa., for Mark Collins.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

### FINDINGS OF FACT, DISCUSSION AND CONCLUSIONS OF LAW

In this case plaintiff Or-Import, Inc. alleges that defendants owe it $26,609.48[1] resulting from the purchase by defendants of jewelry. A nonjury trial was held on September 8, 1980 as to defendants Vilma Collins, Craig Scott Collins and Stephen Drew Collins. When the case was called for trial Mark Collins objected because he had not been validly served with process; therefore, I severed the action against Mark Collins and plaintiff was permitted to proceed against the other defendants. On February 4, 1981, after valid service on Mark Collins, a bench trial was held as to Mark Collins. I granted plaintiff's unopposed motion to consolidate the records of the two trials. Therefore, following these two bench trials as consolidated I make the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. Plaintiff Or-Import, Inc. is a corporation organized under the laws of the state of Florida with its principal place of business at 419–21 Seybold Building, 36 N.E. First Street, Miami, Florida 33132.

2. Bemi Shafier is the president of Or-Import, Inc.

3. Defendants are citizens of the Commonwealth of Pennsylvania.

4. The amount in controversy exceeds the sum of $10,000.00, exclusive of interest and costs.

5. Or-Import, Inc. at various times during the year of 1977 sold and delivered to Mark Collins jewelry on credit.

6. Mark Collins admits receiving the jewelry and undertaking the obligation to personally pay for it.

7. Vilma Collins and Craig Scott Collins operate a business partnership known as "Collins Collectibles". Mark Collins is not a partner or principal of "Collins Collectibles".

8. Mark Collins as an employee sold jewelry for "Collins Collectibles" at various times, including November, 1976 to July, 1977.

9. Mark Collins was not authorized to buy merchandise on behalf of "Collins Collectibles", nor was he authorized to use its accounts for his own purchases.

10. Vilma Collins and Craig Scott Collins are the only partners in Collins Collectibles; they never authorized Mark Collins to purchase the jewelry in question nor did they hold Mark Collins out as having authority to purchase jewelry on their account or the account of "Collins Collectibles".

11. None of the principals of the business entity known as "Collins Collectibles" were parties to the transactions described in the complaint, although they purchased from plaintiff other jewelry, properly billed to them and for which they paid in full.

12. Mark Collins filed a petition in bankruptcy on October 5, 1978. He was duly adjudged a bankrupt and the schedule of debts and creditors attached to plaintiff's discharge in bankruptcy lists the indebtedness of Mark Collins to Or-Import, Inc. as $19,000.00.

13. An indebtedness of $5800.00 of Mark Collins to plaintiff was neither scheduled nor discharged in bankruptcy.

### DISCUSSION

#### I.

■ Or-Import, Inc. seeks to hold Vilma Collins, Craig Collins, Stephen Drew Collins and Mark Collins individually and trading as Collins Collectibles liable for the purchas-

---

1. In its original complaint plaintiff sought damages of $20,809.48 plus interest and cost. However, plaintiff amended its complaint to raise the amount of damages to $26,609.48 because it was discovered that plaintiff had mis-

takenly credited defendant's account with a payment of $5,800.00; the check for this amount which Mark Collins gave plaintiff was returned by the bank for insufficient funds.

es made by Mark Collins on the theory that Mark was in fact acting as the authorized agent, employee or principal of Collins Collectibles.

After a careful review of the evidence, I find that plaintiff has not established by a preponderance of the evidence that either Collins Collectibles or any other defendant authorized Mark Collins to purchase on behalf of the partnership jewelry from Or-Imports. I find that Mark Collins purchased the jewelry in question individually, and not on behalf of Collins Collectibles; this finding is based on my acceptance of the testimony of the Collins' as credible and my rejection of the essential testimony of Mr. Shafir, plaintiff's president. The only evidence to link the other members of the Collins family to the purchases in question is the testimony of Mr. Shafir. His testimony is inconsistent with plaintiff's own billings and with pleadings filed herein by plaintiff. These conflicts, together with the testimony of the Collins', sufficiently contradict the testimony of Mr. Shafir to prevent a finding by a preponderance of the evidence that plaintiff has established its claim against the defendants, with the exception of Mark Collins.

## II.

Mark Collins admits that he purchased the jewelry for his own account and that he became obligated to plaintiff for the purchase price. A second issue in this case is whether Mark Collins' discharge in bankruptcy has fully or partially released his debt to plaintiff. In resolving this question it must be remembered that Mark Collins was adjudged a bankrupt under the former bankruptcy law, the Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 544 (repealed 1979) (current version at 11 U.S.C. §§ 101 et seq.); therefore, all discussion of the bankruptcy code will refer to the former act.

Plaintiff relying on former § 17(a) of the 1898 Bankruptcy Code, 11 U.S.C. § 35(a) (repealed 1979), argues that Mark Collins has not discharged his debt to plaintiff. Section 17, id., stated in pertinent part:

(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as ... (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, or for willful and malicious conversion of the property of another; (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity; ....

Plaintiff contends that under former 11 U.S.C. § 35 (repealed 1979): (1) it did not receive notice of Mark Collins' bankruptcy, (2) the circumstances surrounding the theft of the jewelry, as claimed by Mark Collins, are so suspicious that his conduct constitutes a conversion and (3) Mark Collins is not entitled to include the indebtedness arising from the dishonored check in the amount of indebtedness discharged in bankruptcy.

As to plaintiff's contention that it did not receive notice of defendant's bankruptcy my report of a March 6, 1979 conference, duly filed, discloses that counsel discussed the pending Mark Collins bankruptcy action. The defendant was not discharged in bankruptcy until April 17, 1979, more than a month after the conference; thus, it is untenable to suggest that plaintiff did not have actual knowledge of Mark Collins bankruptcy proceeding.

In relying on 11 U.S.C. § 35(a)(3) plaintiff appears to argue that this court should not accept Mark Collins bankruptcy discharge as a release of his indebtedness to plaintiff because Or-Import's claim was not "duly

scheduled" on the bankrupt's list of debts. However, it is clear that Or-Import is listed as a creditor, the address given for the plaintiff's business appears correct, and plaintiff has not complained of any mistake. Under former 11 U.S.C. § 94 (repealed 1979) the bankruptcy court was charged with the responsibility of sending creditors notice of all hearings on the application for bankruptcy. *See also* Bankr.Rule 203. Since the schedule of debts shows the correct business address for plaintiff, it is presumed that the notice was mailed properly and received. Plaintiff's contentions, unsubstantiated by evidence, that it lacked notice of the bankruptcy and was not scheduled as a creditor are insufficient. to justify the requested finding.

Also, plaintiff argues that the circumstances surrounding the theft of the jewelry from Mark Collins' car are so suspicious that his conduct amounts to fraud and/or conversion. However, plaintiff has offered no evidence to support this contention. I cannot set aside the defendant's bankruptcy discharge merely on plaintiff's bald assertion without more.

Plaintiff asserts that $5,800.00, representing the amount of Mark Collins' check that was returned for insufficient funds, should not be included as part of the indebtedness discharged in bankruptcy. A review of plaintiff's billing record, and the conduct of Mark Collins in scheduling the indebtedness as only $19,000 support the findings that this amount is indeed a separate account for which payment. has not been made, that it was not included in the debts scheduled and accordingly not discharged.

## III.

### CONCLUSIONS OF LAW

1. This court has diversity jurisdiction over the subject matter of this action as the parties are citizens of different states and the matter in controversy exceeds the sum of $10,000, exclusive of interests and costs.

2. Vilma Collins, Craig Scott Collins and Stephen Drew Collins individually are not liable to plaintiff. Nor are Vilma and

Craig Collins, trading as "Collins Collectibles" liable to Or-Import, Inc. on the claim stated in the amended complaint.

3. Mark Collins, alone, incurred a personal obligation to pay Or-Import, Inc. for the jewelry.

4. The discharge in bankruptcy on Mark Collins released his debt to plaintiff except for the amount of $5,800.00